```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JAMES KUCERA, JR.,**

              **Petitioner,**

       **v.**                             **CASE NO. 06-3208-RDR**

**DUKE TERRELL, WARDEN,**
**et al.,**

              **Respondents.**

**MEMORANDUM AND ORDER**

This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed upon payment of the fee by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Petitioner is serving a federal sentence imposed in the Northern District of Georgia. He does not challenge his conviction or sentence, but alleges his constitutional rights have been violated by disciplinary action taken against him at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville).

**FACTUAL BACKGROUND**

The factual background for this Petition set forth in petitioner's Memorandum is summarized as follows. On July 31, 2005, at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville) an incident report was written by Correctional Officer (CO) J. Braye alleging Mr. Kucera "Threatened Another with Bodily Harm," a Category 203 offense. Specifically, CO Braye reported she had witnessed an argument between petitioner and

another inmate, David Cundiff, and overheard Mr. Kucera state to Mr. Cundiff, "if you do not produce your paper work (sic) from your PSI then I am going to kick your ass."  Petitioner and David Branum, another inmate implicated in the alleged threat, were placed in the Special Housing Unit pending investigation.  Both repeatedly denied having threatened Mr. Cundiff.  Petitioner alleges he made repeated requests to have CO Braye, the Program Assistant for Religious Services at the FCI, and B. Neese, Assistant Chaplain, called as witnesses at his disciplinary hearing.  The disciplinary hearing was held on August 18, 2005, and neither Braye nor Neese was called to testify.  Petitioner alleges he attempted to hand objections in writing to the DHO, who refused them and raised his voice stating, "You have no right to object to anything."  Petitioner was then escorted out of the hearing.  Other witnesses testified out of his presence, including Branum and Cundiff.  Petitioner claims the DHO did not take this testimony into account, and instead "relied solely upon the written statement of Braye" in the incident report.  He was found guilty, and sanctions were imposed including 30 days disciplinary segregation, loss of 27 days good time credit, and a disciplinary transfer, which resulted in his current confinement at the USPL.

**CLAIMS**

Petitioner asserts three grounds as the basis for this Petition: (1) the refusal of the Disciplinary Hearing Officer (DHO) and staff at FCI-Greenville to call the reporting officer as a

2

witness at his disciplinary hearing violated procedural due process; (2) the BOP regulation giving the DHO discretion to deny this witness at a disciplinary hearing is unconstitutional; and (3) the DHO's "reliance on testimonial hearsay in the written incident report" violated his Sixth Amendment rights to confrontation. Petitioner has filed a 26-page Memorandum in support of his Petition with 34 pages of attached exhibits.

Petitioner alleges he has exhausted his administrative remedies on his claims, and they were finally rejected by the Central Office of the Bureau of Prisons on March 8, 2006.

**PETITIONER'S ARGUMENTS AND ALLEGATIONS IN SUPPORT**

In support of his claims that refusal by FCI staff to call Braye and Neese as witnesses at his hearing violated his procedural due process rights, petitioner argues (1) he had a liberty interest in his right to call witnesses created by language in 28 C.F.R. 541.17; (2) he had a liberty interest in his 27 days of good time and in avoiding disciplinary segregation[1]; and (3) he had a liberty interest in having his case decided by a higher standard than "some evidence." He contends these liberty interests were entitled to

---

[1] In support of this argument, petitioner cites a policy statement as providing that inmates in disciplinary segregation "have significantly fewer privileges than those housed in administrative segregation. . . ." P.S. 5270.07. However, stating a denial of due process claim based upon conditions in segregation is not as simple as showing fewer privileges are provided. Instead, a showing must be made that the segregation imposed "an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison." Sandin v. Conner, 515 U.S. 472, 483 (1995).

3

procedural due process protections, which were denied by the FCI staff.

As factual support, petitioner alleges Braye's and Neese's testimony was "essential," and he had "reasonable cause to believe that Braye's comments in the Incident Report were untruthful." He maintains Braye was too far away from the events to have overheard a threat[2].

He complains that the record does not list Braye and Neese as requested witnesses who were not called, and alleges staff at FCI simply refused to place their names on his witness list. He alleges staff justified this refusal by citing a sentence from the U.S. Bureau of Prisons (BOP) procedures set forth at 28 C.F.R. 541.17(c), which provides:

> The reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO.

Petitioner challenges this particular language as unconstitutional, and urges instead that the DHO is required to call staff witnesses with relevant information under another sentence in 28 C.F.R.

---

[2] Petitioner also alleges in support of this allegation that the reporting officer's actions after the incident did not follow BOP "standard operating procedures" to be used in the event of a "threat of bodily harm," and that this failure called into question whether she actually overheard a threat. He exhibits a memorandum prepared by CO Braye on July 31, 2005, regarding her actions during the incident. He states he did not have access to this memorandum prior to his hearing, and claims it supports his doubt regarding CO Braye's credibility. He claims Neese was an essential witness because he could have testified that Braye did not act in accordance with standard operation procedures for an officer who had actually overheard a threat of harm. He also claims that if the case was based only upon Cundiff reporting to Braye that he had been threatened, as he believes was the case, then no incident report would have been issued because an "incident report cannot be written when on inmate implicates another inmate in a violation of prison rules."

4

541.17(c) which provides: "The DHO shall call those witnesses who have information directly relevant to the charge(s) and who are reasonably available."  He further argues that only allowing questioning of a staff witness by a staff representative of the inmate precludes truth-finding in the hearing.

In support of his third due process argument, Mr. Kucera claims "since this case involved conflicting testimony, the standard of proof went beyond . . . 'some evidence' to the 'greater weight of the evidence'."  He cites as authority a sentence in 28 C.F.R. 541.17(f), which provides:

> . . .The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based upon the greater weight of the evidence.

Mr. Kucera admits he, Branum, and Cundiff were arguing, but alleges it was only in the context that he and Branum were elders of the Wiccan religious group in which Cundiff was a novice, and they were warning him there could be "problems" with him acting in opposition to core Wiccan principles.  He called Cundiff and other inmates who were present at the FCI chapel the day of the incident as witnesses.  He alleges Cundiff testified, out of his presence, that Kucera and Branum "made some threats to me" that Ms. Braye overheard, including "if they didn't get my PSI there would be problems."  Petitioner interprets this testimony as the victim not alleging a threat of bodily harm, but only of "problems;" and three people (petitioner, Branum, and Cundiff) stating there were no threats of bodily harm.  He argues this evidence outweighed the reporting officer's written statement and was wrongfully ignored by the hearing officer.

5

Petitioner also claims his right to confrontation under the Sixth Amendment was violated when CO Braye's written statements were used against him, without her being subjected to "some form of cross-examination." He asserts Braye's written report and her memorandum "amounted to inadmissible testimonial hearsay" under <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) and citing <u>United States v. Summers</u>, 414 F.3d 1287, 1300 (10th Cir. 2005)[3]. He challenges the language in 28 C.F.R. 541.17(c), quoted herein earlier, exempting "the reporting officer and other adverse witnesses" from testifying if their knowledge of the incident has been "adequately" memorialized. He asserts alleges this language is unconstitutional in light of <u>Crawford</u>, as violative of the right to confrontation. He also complains of language that the "inmate may not question any witness at the hearing."

Petitioner asks the court to order restoration of his good time credit and expunge the incident report from his BOP files. He further asks this court to declare that when a BOP reporting officer does not testify at a disciplinary hearing, their written statement is inadmissible as "testimonial hearsay" under <u>Crawford</u>. He also asks the court to declare any holding by a DHO that correctional officers whose statements are memorialized cannot be called to testify, as well as the language of the regulation providing they

---

[3] Petitioner states the hearing officer relied upon Braye's "testimonial hearsay" in his findings:
> The DHO chose to place more credibility in the state of the Reporting Employee, she is legally and ethically required to tell the truth, whereas, you and inmate Branum would have everything to gain and nothing to lose by not doing so.

6

"need not" be called, violate procedural due process.

**DISCUSSION**

The short answer to petitioner's due process claims is that the portions of the administrative record exhibited by him demonstrate he was provided with all procedural due process to which he was entitled. When a prisoner faces the loss of good time credits, due process requires that he receive the following rights: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 454 (1985), *citing* Wolff v. McDonnell, 418 U.S. 439, 563-67 (1974); Mithcell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996).

The facts alleged by petitioner and his exhibits demonstrate that Mr. Kucera received a copy of the incident report and formal written notice of the charge. At the disciplinary hearing, he called witnesses and presented evidence in his defense. The hearing officer found petitioner had committed the violation conduct. Subsequently, he received a copy of the hearing officer's findings. Thus, the court concludes Mr. Kucera received all the process due under Wolff.

The court also concludes from the materials filed by petitioner

7

that he was not improperly denied witnesses at his hearing[4]. The "Discipline Hearing Officer Report" exhibited by petitioner from his case provides that Mr. Kucera requested witnesses and some were called. It is marked "N/A" after the statement: The following persons requested were not called for the reason(s) given."

Petitioner exhibits a Regional Administrative Remedy Appeal dated September 2, 2005, and one dated September 20, 2005, prepared by him[5]. The response by the Regional Director dated October 27, 2005, pertinently provided:

> * * *
> During the investigation, at the UDC hearing, and at the DHO hearing, you did not mention requested witnesses had not been called on your behalf. The two staff members you referenced not being called as witnesses were not identified by you on the Notice of Discipline Hearing Before the DHO form. In addition, the reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other materials given to the DHO. The

---

[4] At the time of the hearings, the federal regulations provided a detailed outline for the presentation of witnesses in disciplinary proceedings. The regulations provided, in pertinent part, as follows:

> An inmate has the right to submit names of requested witnesses and have them called to testify and to present arguments in the inmate's behalf, provided the calling of witnesses . . . does not jeopardize or threaten institutional or an individual's security. The DHO shall call those witnesses who have information directly relevant to the charge(s) and who are reasonably available . . . . The DHO need not call repetitive witnesses. The reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO . . . .

28 C.F.R. 541.17(c). Petitioner's argument that the DHO was required to call his witnesses because they had relevant evidence, if available, ignores the exceptions for following the general statement.

[5] Petitioner exhibits a response to his Inmate Request to Staff Member dated September 13, 2005, which advised him that the "reviewing official for decisions by the Discipline Hearing Officer is the Regional Director."

8

>   inmate witnesses you listed on the form were called at the
>   DHO hearing.  Proper procedures were followed and an
>   Incident Report was written.
>   * * *

The response to his National Appeal dated March 9, 2005, pertinently

provided:

>   * * *
>   The DHO gave greater weight of the evidence to the
>   reporting officer's account of the incident.  Although you
>   dispute the charge, the evidence is sufficient to support
>   the finding.
>
>   You state persons you requested as witnesses were not
>   called to appear at the DHO hearing.  Review of the record
>   reveals all persons named by you as witnesses appeared at
>   the DHO hearing.  There is no evidence in the record that
>   other requested witnesses were denied.  Additionally, even
>   if you had requested additional witnesses, the persons you
>   specify would likely have been refused since they would
>   have been adverse to your defense.
>   * * *

Mr. Kucera's Exhibit C, "Notice of Discipline Hearing . . ." shows he was informed he had the right to call witnesses at the hearing, and to list the names of witnesses he wished to call on this form as well as "state to what each proposed witness would be able to testify."  It further shows that Mr. Kucera listed three witnesses (whose names are now crossed out), two of whom he stated "can testify to: I did not make any threats."  Petitioner alleges he told many staff members he wanted Braye and Neese to be called as witnesses at his hearing.  However, he does not aver that he listed their names on this form as he apprently was required to do in order to have them called as witnesses.  Petitioner claims the right to due process, but he must also have followed the procedures provided for requesting witnesses.  Moreover, the responses to petitioner's

9

administrative appeal indicate he did not object to the absence of these witnesses at his hearing, and even if he had they would have been denied as adverse witnesses. The court concludes petitioner has not shown he requested CO Braye and Neese as witnesses in accord with BOP procedures, or that the hearing officer wrongfully failed to call these two witnesses at his disciplinary hearing.

The court also finds that the evidence against Mr. Kucera satisfied the appropriate constitutional standard of "some evidence" established by the U.S. Supreme Court for disciplinary proceedings. <u>Superintendent, Mass. Correctional Inst. at Walpole v. Hill</u>, 472 U.S. at 454. In announcing this standard, the Supreme Court stated that a court reviewing the findings of a prison disciplinary board need not examine the complete record, assess the credibility of the witnesses, or weigh the evidence. <u>Id</u>. at 455-56. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id</u>.

This court will not re-weigh the evidence at Mr. Kucera's hearing, although it remarks that two of the witnesses whose testimony petitioner relies upon as having more weight than the reporting officer's statement in the incident report are his own and that of the other inmate charged with the assault. Their credibility is clearly more suspect. Petitioner's account of the testimony of the victim, which he admits he was not present to hear, could be interpreted to support the reporting officer's statement as easily as petitioner's account. Thus, even if the DHO were held to

the higher standard of "the greater weight of the evidence" under the BOP regulation, the DHO explicitly and reasonably found the reporting officer was more credible and that her statement provided the greater weight of the evidence.

Finally, the court concludes petitioner fails to state a claim of constitutional violation of his right to confrontation. Petitioner's reliance upon Crawford is misplaced because that decision was rendered in the context of a criminal trial. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 439, 556 (1974). An inmate in a prison disciplinary proceeding has no constitutional right to cross-examine the officer who wrote the incident report or to have adverse witnesses appear at the hearing for cross-examination. Wolff, 418 U.S. at 567-68 ("[A]dequate bases for decision in prison disciplinary cases can be arrived at without cross-examination.")

A United States District Court is authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). For the foregoing reasons, the court finds petitioner has failed to state a claim for federal habeas corpus relief.

**MOTION FOR JOINDER**

Petitioner has filed a "Motion for Joinder of Parties" under FRCP 20, asking that this action be joined with Branum v. Terrell,

which he alleges is another 2241 action arising out of the same disciplinary incident. This motion is moot due to this court's dismissal of this action.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Joinder (Doc. 3) is denied.

**DATED:**   This 11th day of August, 2006, at Topeka, Kansas.


s/RICHARD D. ROGERS
United States District Judge